MADERA, PETITIONER, *v.* CAMPILLO, DISTRICT JUDGE,
RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of San Juan in an Attachment Proceeding.

No. 341.—Decided March 7, 1922.

CERTIORARI—ATTACHMENT—JURISDICTION.—The fact that an attachment proceeding was not conducted as a separate proceeding is not a sufficient reason for invoking the special jurisdiction of the Supreme Court to issue a writ of certiorari.

ID.—ID.—ID.—NOTICE.—The notice required by section 14 of the Attachments Acts of March 1, 1902, refers to a hearing where evidence may be examined on the allegations made in the proceeding, but does not imply a notice to the debtor as a prerequisite to the issuance of the attachment.

ID.—ID.—ID.—ID.—When in a case like the present the principal question involved in the certiorari proceeding is that the district court ordered the attachment without first giving notice to the adverse party, the petition, as a general rule, should show, before invoking the extraordinary jurisdiction of the Supreme Court, that he attempted to exhaust his remedies in the court below.

The facts are stated in the opinion.

*Messrs. Texidor* and *De la Haba* for the petitioner.

*Mr. R. Rivera Zayas* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner alleged that an attachment was obtained against him without notice and without the proceeding being conducted as a separate one (*en pieza separada*). The text relied on is section 14 of the laws of 1902, section 382 of the Revised Statutes of that year, as follows:

"All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason. Every decision of the court shall immediately be

carried into effect, but the injured person may protest and declare his intention to take an appeal, as provided in the Law of Civil Procedure, against the final judgment of the court.''

In the English version there is no allusion to *pieza separada,* but whether the proceeding is so conducted or not is not a sufficient reason for invoking the special jurisdiction of this court.

As to the question of notice, we are convinced that it was not the idea of the Act of March 1, 1902, to require that an attachment be first notified to a debtor before issuance. If such notice were necessary the primary purpose of the law, namely the security, might be defeated. Nowhere else that we know of does an attachment statute require the previous notice to the debtor, although security to the debtor is frequently exacted. Both the English and Spanish texts in terms do not refer to the issuance of the attachment itself, but to a controversy arising out of ''allegations'' in English and *"pretensiones"* in Spanish. There is nothing to indicate an intention of a primary notice. It is true that in this case the attachment was not contemporaneous with the complaint, but issued after the answer; but there is nothing in the law that requires the attachment to issue immediately. On the contrary, the idea of the law is to make the judgment effective when rendered. We find no error of procedure.

Even if we were in doubt we should not issue the writ in this case, because the record shows no application to the court below to correct, modify or annul its order. Before our extraordinary jurisdiction should be invoked in a case like the present, the petitioner should show that he attempted to exhaust his remedies in the court below.

The writ must be annulled.

*Writ discharged.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.